BILAL A. ESSAYLI
United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
TRITIA L. YUEN (Cal. Bar No. 255468)
Assistant United States Attorney
Riverside Office
    3403 Tenth Street, Suite 200
    Riverside, California 92501
    Telephone: (951) 276-6222
    Facsimile: (951) 276-6202
    E-mail:   tritia.yuen2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>      v.<br><br>FRANK EDWARD PETERS II,<br><br>        Defendant. | No. 5:25-cr-00096-PA<br><br>ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**TRIAL DATE: 09/16/25**<br>**FINAL STATUS CONFERENCE: 09/08/25**<br>**STATUS CONFERENCE:  06/17/25**<br><br>**READ THIS ORDER CAREFULLY CHANGES WERE MADE TO THE PROPOSED ORDER** |

     The Court has read and considered the Stipulation Regarding Request for (1) Continuance of Trial Date and (2) Findings of Excludable Time Periods Pursuant to Speedy Trial Act, filed by the parties in this matter on May 30, 2025.  The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that support a continuance of the trial date in this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The trial in this matter is continued from June 10, 2025, to September 16, 2025, at 8:30 a.m. The final status conference hearing is continued to September 8, 2025, 3:00 p.m.

2. All motions, including motions in limine and notices required by Rule 12, 12.1, and 12.2, shall be filed on or before July 7, 2025. All oppositions shall be filed by July 21, 2025, and replies, if any, shall be filed by July 28, 2025. Motions will be heard on August 11, 2025, at 3:00 p.m. Pursuant to Rule 16, expert witness disclosures are due on July 7, 2025. **A status conference is scheduled for June 17, 2025, at 1:30 p.m.**

3. Unless ordered by the Court, no supplemental or separate memorandum of points and authorities shall be filed by either party in connection with any motion in limine. The moving party shall serve its portion of the Joint Motion in Limine on the responding party on the date for filing of motions in limine indicated in this Order. The responding party shall then serve the opposition portion of the Joint Motion in Limine on the moving party both on paper and in an electronic format on the date for filing oppositions to pretrial

motions. The moving party shall incorporate the responding party's portion into the Joint Motion in Limine, add its arguments in reply, and file and serve the Joint Motion in Limine on the date for filing replies in support of pretrial motions. Neither party's portions of a Joint Motion in Limine shall exceed eight (8) pages.

4. The time period of June 10, 2025, to September 16, 2025, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv). Defendant shall appear in Courtroom 9A of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on June 17, 2025, at 1:30 p.m., August 11, 2025, at 3:00 p.m., September 8, 2025, at 3:00 p.m., and September 16, 2025, at 8:30 a.m.

5. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

June 5, 2025
DATE

PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

Presented by:

/s/
TRITIA L. YUEN
Assistant United States Attorney

3