# Exhibit A

Iboh Umodu
Deputy Federal Public Defender
Office of the Federal Public Defender
Central District of California
321 E. 2nd Street
Los Angeles, CA 90020
213-894-7566
Iboh_umodu@fd.org

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> FRANK EDWARD PETERS, II, <br><br> Defendant | Case No. 5:25-cr-00096-PA <br><br> **NOTICE OF MOTION TO COMPEL DISCOVERY, FULL BRADY AND GIGLIO DISCLOSURE, SBA AND DOJ INTERNAL GUIDANCE AND COMMUNICATIONS AND PRODUCTION OF DETECTIVE LORI POZUELOS' COMMUNICATIONS WITH FBI AND DOJ PURSUANT TO BRADY AND RULE 16** <br><br> **CURRENT TRIAL DATE: SEPTEMBER 16, 2025** |

TO THE HONORABLE COURT, UNITED STATES ATTORNEYS, AND ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE that Defendant Frank Edward Peters II, respectfully moves this Court for an order compelling the government to produce all materials, communications, reports, referrals, emails, memoranda, or summaries involving California Department of Insurance Detective Lori Pozuelos and any federal law enforcement agency—including but not limited to the Federal Bureau of Investigation (FBI), the Small Business Administration (SBA), and the U.S. Department of Justice (DOJ)—that relate to the investigation, referral, evaluation, or

NOTICE OF MOTION TO COMPEL DISCOVERY, FULL BRADY AND GIGLIO DISCLOSURE, SBA AND DOJ INTERNAL GUIDANCE AND COMMUNICATIONS AND PRODUCTION OF DETECTIVE LORI POZUELOS' COMMUNICATIONS WITH FBI AND DOJ PURSUANT TO BRADY AND RULE 16CURRENT TRIAL DATE: SEPTEMBER 16, 2025 - 1

prosecution of the defendant in connection with PPP and EIDL loans. These are required under **Federal Rule of Criminal Procedure 16 Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972)**, including production of all all internal guidance, training materials, interagency communications, and records relied upon by the discovery, exculpatory evidence, and impeachment materials in the custody of the Department of Justice, Small Business Administration, Federal Bureau of Investigation regarding the administration, audit, and enforcement of PPP and EIDL programs during 2020–2022, and or any referring state agency, including but not limited to the California Department of Insurance and Detective Lori Pozuelos. This motion is based on the attached Memorandum of Points and Authorities, the files and records in this case, and any oral argument the Court may allow.

July 12, 2025

_____
Iboh Umodu Deputy Federal Public Defender

NOTICE OF MOTION TO COMPEL DISCOVERY, FULL BRADY AND GIGLIO DISCLOSURE, SBA AND DOJ INTERNAL GUIDANCE AND COMMUNICATIONS AND PRODUCTION OF DETECTIVE LORI POZUELOS' COMMUNICATIONS WITH FBI AND DOJ PURSUANT TO BRADY AND RULE 16CURRENT TRIAL DATE: SEPTEMBER 16, 2025 - 2

Iboh Umodu
Deputy Federal Public Defender
Office of the Federal Public Defender
Central District of California
321 E. 2nd Street
Los Angeles, CA 90020
213-894-7566
Iboh_umodu@fd.org

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 5:25-cr-00096-PA |
|---|---|
| Plaintiff, | |
| vs. | **MOTION TO COMPEL DISCOVERY, FULL BRADY AND GIGLIO DISCLOSURE, SBA AND DOJ INTERNAL GUIDANCE AND COMMUNICATIONS AND PRODUCTION OF DETECTIVE LORI POZUELOS' COMMUNICATIONS WITH FBI AND DOJ PURSUANT TO BRADY AND RULE 16; MEMORANDUM AND POINTS OF AUTHORITIES; DECLARATION** |
| FRANK EDWARD PETERS, II, | |
| Defendant | |
| | **CURRENT TRIAL DATE: SEPTEMBER 16, 2025** |

TO THE HONORABLE COURT, UNITED STATES ATTORNEYS, AND ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE that Defendant Frank Edward Peters II, respectfully moves this Court for an order compelling the government to produce all materials, communications, reports, referrals, emails, memoranda, or summaries involving California Department of Insurance Detective Lori Pozuelos and any federal law enforcement agency—including but not limited to

the Federal Bureau of Investigation (FBI), the Small Business Administration (SBA), and the U.S. Department of Justice (DOJ)—that relate to the investigation, referral, evaluation, or prosecution of the defendant in connection with PPP and EIDL loans. These are required under **Federal Rule of Criminal Procedure 16 Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972)**, including production of all all internal guidance, training materials, interagency communications, and records relied upon by the  discovery, exculpatory evidence, and impeachment materials in the custody of the Department of Justice, Small Business Administration, Federal Bureau of Investigation regarding the administration, audit, and enforcement of PPP and EIDL programs during 2020–2022, and or any referring state agency, including but not limited to the California Department of Insurance and Detective Lori Pozuelos. This motion is based on the attached Memorandum of Points and Authorities, the files and records in this case, and any oral argument the Court may allow.

July 12, 2025

Iboh Umodu Deputy Federal Public Defender

MOTION TO COMPEL DISCOVERY, FULL BRADY AND GIGLIO DISCLOSURE, SBA AND DOJ INTERNAL GUIDANCE AND COMMUNICATIONS AND PRODUCTION OF DETECTIVE LORI POZUELOS' COMMUNICATIONS WITH FBI AND DOJ PURSUANT TO BRADY AND RULE 16; MEMORANDUM AND POINTS OF AUTHORITIES; DECLARATIONCURRENT TRIAL DATE: SEPTEMBER 16, 2025 - 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This motion seeks the compelled disclosure of investigative materials, internal communications, and SBA validation records directly related to the origin, scope, and evidentiary development of the case against Frank Edward Peters II. The prosecution alleges Defendant submitted fraudulent PPP and EIDL applications. However, the eligibility and forgiveness rules for these programs were complex, evolving, and inconsistently applied. To prepare an adequate defense, Defendant must receive internal SBA and DOJ documents that reflect actual standards used during the relevant time.

The Defendant is entitled to exculpatory evidence, materials bearing on credibility, and documents essential to due process and confrontation rights under **Brady v. Maryland, 373 U.S. 83 (1963).** The government has a continuing constitutional duty to disclose all evidence favorable to the accused, including exculpatory information and material that may impeach government witnesses. This duty extends to all branches of the prosecution team, including agencies involved in the investigation. Defendant requests a court order ensuring full Brady and Giglio compliance before trial.

Detective Lori Pozuelos was the lead state investigator in a related case against the Defendant in California, which involved overlapping factual allegations about the legitimacy of Frannon Inc. and Bqute Inc. Her investigative conclusions appear to have directly influenced the initiation of this federal matter. Defendant seeks disclosure of all relevant communications under **Brady v. Maryland, Rule 16 of the Federal Rules of Criminal Procedure, and the Jencks Act.**

## II. DISCOVERY REQUESTED

1. All investigative reports, memos, emails, or recordings created by or referencing Detective Lori Pozuelos regarding Frank Peters, Frannon Inc., or Bqute Enterprises Inc.

2. Any communication between CDI, FBI, DOJ, and SBA referring to the above-named entities or individuals.

3. All SBA communications, memos, and 4506-T records related to loan approvals for Frannon or Bqute.

4. Records of any collaboration between DOJ and California EDD regarding alleged unemployment overlaps.

5. Internal DOJ memos discussing whether Shannon Prince-Peters or Bqute Inc. were to be charged or referenced.

6. Any investigative summary or financial audit conducted prior to federal indictment.

7. Loan processing records, notes, and certifications maintained by the SBA in approving EIDL or PPP loans.

### III. LEGAL STANDARD

Under Rule 16(a)(1)(E), the government must produce any documents 'material to preparing the defense.' Brady requires disclosure of all exculpatory evidence, and Giglio extends that to materials that may impeach government witnesses or undermine theories of intent or knowledge.

### IV. ARGUMENT

Under **Brady v. Maryland, 373 U.S. 83 (1963)**, the prosecution is obligated to disclose evidence favorable to the accused that is material either to guilt or punishment. Communications between Pozuelos and federal authorities, particularly those that reveal: (a) the basis for the referral, (b) prejudgments about the defendant or the businesses involved, or (c) inconsistencies or doubts in law enforcement communications, are discoverable and may support suppression, impeachment, or motions to dismiss.

**Rule 16(a)(1)(E)** also mandates disclosure of documents and objects material to the preparation of the defense, including any communications that led to federal charges. The referral history and evolution of the investigation are critical to this defense.

Courts have compelled similar disclosures in cases involving inter-agency cooperation and where state-federal investigative handoffs shaped the indictment. See **United States v. Sudikoff, 36 F. Supp. 2d 1196 (C.D. Cal. 1999); United States v. Brooks, 966 F.2d 1500 (D.C. Cir. 1992).**

### A. The Government's Duty Extends to All Investigative Agencies

Courts have held that the Brady obligation applies not only to the prosecutors but to any law enforcement agency or government office involved in the investigation. See **Kyles v. Whitley, 514 U.S. 419 (1995).**

### B. Defense Has Reason to Believe Exculpatory and Impeachment Material Exists

Such materials include inconsistencies in SBA enforcement, statements showing business legitimacy, prior misconduct or bias of state investigators who referred to the case, and internal memos suggesting leniency or good faith treatment of similar cases.

### C. **Rule 16, Brady, Giglio** All Apply and **Due Process** Require Prompt Disclosure

This material is both exculpatory and essential to preparing for trial. See **United States v. Sudikoff, 36 F. Supp. 2d 1196, 1203–04 (C.D. Cal. 1999); United States v. Olsen, 704 F.3d 1172 (9th Cir. 2013).**

The earlier the disclosure, the more meaningful the protection of due process rights. The government must not delay until trial.

### V. LEGAL STANDARD AND QUOTED CASE LAW

"The suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment." — **Brady v. Maryland, 373 U.S. 83, 87 (1963)**

"A defendant's right to discover evidence that may be favorable to his defense, including impeachment evidence, is grounded in due process." — **United States v. Bagley, 473 U.S. 667, 676 (1985)**

MOTION TO COMPEL DISCOVERY, FULL BRADY AND GIGLIO DISCLOSURE, SBA AND DOJ INTERNAL GUIDANCE AND COMMUNICATIONS AND PRODUCTION OF DETECTIVE LORI POZUELOS' COMMUNICATIONS WITH FBI AND DOJ PURSUANT TO BRADY AND RULE 16; MEMORANDUM AND POINTS OF AUTHORITIES; DECLARATIONCURRENT TRIAL DATE: SEPTEMBER 16, 2025 - 5

"The government has a duty to learn of any favorable evidence known to others acting on the government's behalf in the case." — **Kyles v. Whitley, 514 U.S. 419, 437 (1995)**

"Evidence affecting credibility falls within Brady's rule." — **Giglio v. United States, 405 U.S. 150, 154 (1972)**

**Brady v. Maryland** requires the government to disclose evidence favorable to the defense where it is material to guilt or punishment. **Giglio v. United States** extends this duty to information that could impeach government witnesses or undermine the credibility of agents, including information about bias, misconduct, or contradictory policies.

## VI. REQUESTED RELIEF

Defendant respectfully moves the Court to compel the production and disclosure of:

- All SBA internal policy memos, guidance, or training on PPP/EIDL eligibility and forgiveness
- All DOJ/FBI instructions, strategy memos, or interagency correspondence relating to pandemic fraud enforcement during 2020–2022
- Any internal communications about backdated taxes, good faith certifications, or related defenses
- Any guidance sent to lenders, banks, or processors about ambiguous application components
- Any materials used to train SBA agents, investigators, or auditors
- Communications referencing Frank Peters, Frannon Inc., or Bqute Inc.
- Any exculpatory evidence showing business legitimacy, compliance, or good faith
- Any documents showing ambiguity, inconsistency, or retroactive changes in SBA policy
- Any impeachment evidence about government witnesses, including prior misconduct, bias, or inconsistent statements
- Any internal documents or emails showing doubt or reservations about the merits of this case
- Any communications involving the referral of this case by state actors known to have committed misconduct
- Any evidence contradicting the theory of knowing or willful fraud

MOTION TO COMPEL DISCOVERY, FULL BRADY AND GIGLIO DISCLOSURE, SBA AND DOJ INTERNAL GUIDANCE AND COMMUNICATIONS AND PRODUCTION OF DETECTIVE LORI POZUELOS' COMMUNICATIONS WITH FBI AND DOJ PURSUANT TO BRADY AND RULE 16; MEMORANDUM AND POINTS OF AUTHORITIES; DECLARATIONCURRENT TRIAL DATE: SEPTEMBER 16, 2025 - 6

## VII. CONCLUSION

For these reasons, the Defendant respectfully moves this Court to order the United States to produce all written, oral, or digital communications between Detective Lori Pozuelos and any federal law enforcement personnel that relate to the Defendant, Frannon Inc., Bqute Inc., or any COVID-19 relief program and any other discovery materials mentioned or not mentioned or identified above. This evidence is material to both the origins of the investigation and the factual integrity of the allegations at trial.

Date: July 04, 2025

_____
Iboh Umodu Deputy Federal Public Defender

Date: July 04, 2025

_____
Frank Edward Peters II Defendant

MOTION TO COMPEL DISCOVERY, FULL BRADY AND GIGLIO DISCLOSURE, SBA AND DOJ INTERNAL GUIDANCE AND COMMUNICATIONS AND PRODUCTION OF DETECTIVE LORI POZUELOS' COMMUNICATIONS WITH FBI AND DOJ PURSUANT TO BRADY AND RULE 16; MEMORANDUM AND POINTS OF AUTHORITIES; DECLARATIONCURRENT TRIAL DATE: SEPTEMBER 16, 2025 - 7

## DECLARATION OF FRANK EDWARD PETERS II

I, Frank Edward Peters II, declare as follows:

1. I am the Defendant in the above-entitled case.

2. I believe the prosecution's theory depends on narrow interpretations of SBA eligibility rules that were not consistently applied.

3. I am entitled to review internal SBA and DOJ guidance materials and interagency communications that were used during the relevant timeframe.

4. I respectfully request this Court compel the government to disclose the requested information.

5. I have not received full discovery regarding the origins and basis of this federal investigation.

6. I am aware that the investigation began from a referral made by Detective Lori Pozuelos of the California Department of Insurance.

7. I believe that misstatements were made by Detective Pozuelos to federal agencies regarding the legitimacy of Frannon Inc. and Bqute Inc.

8. I further believe the DOJ and SBA may possess exculpatory records including internal assessments, tax validation reviews, and inter-agency emails.

9. I believe material exists within the custody of the DOJ, SBA, FBI, and state agencies that is favorable to my defense or impeaches the credibility of key witnesses.

10. I have not received the full scope of Brady/Giglio disclosures required under constitutional law.

11. I request this Court compel production of all such materials so I may prepare my defense.

## CATEGORIES OF BRADY/GIGLIO MATERIAL REQUESTED

Category A – SBA FAQs, guidance memos, internal policy communications (2020–2022) or DOJ guidance showing ambiguity or changes in eligibility standards

Category B – Communications indicating Defendant's businesses were treated as legitimate by banks, SBA, or auditors

Category C – Communications referencing Frank Peters, Frannon Inc., or Bqute Inc.

MOTION TO COMPEL DISCOVERY, FULL BRADY AND GIGLIO DISCLOSURE, SBA AND DOJ INTERNAL GUIDANCE AND COMMUNICATIONS AND PRODUCTION OF DETECTIVE LORI POZUELOS' COMMUNICATIONS WITH FBI AND DOJ PURSUANT TO BRADY AND RULE 16; MEMORANDUM AND POINTS OF AUTHORITIES; DECLARATIONCURRENT TRIAL DATE: SEPTEMBER 16, 2025 - 8

Category D – DOJ memos, internal audit protocols, or interagency referrals concerning PPP/EIDL

Category E – Evidence that contradicts elements of intent, knowledge, or material falsity

Category F – Records of any misconduct, discipline, or bias involving Detective Lori Pozuelos or related agents

Category G – Internal DOJ/SBA doubts about the merit of this case or referral materials

Category H – Training documents or video materials presented to SBA or DOJ agents

Category I – Bank communications from Bank of America or lenders involving Frank Peters or his businesses

**LIST OF PROPOSED EXHIBITS**

Exhibit A – Indictment referencing investigation origins

Exhibit B – Plea agreement referencing Person 1 and referral chain

Exhibit C – Timeline showing referral by Pozuelos and federal indictment date

Exhibit D – SBA 4506-T validation approvals

Exhibit E – Public records confirming loan amounts and job counts

Exhibit F – Declaration of Truthfully Filed but Late Tax Returns

Exhibit G – No Fraud Evidentiary Summary

Executed on July 04, 2025, in Rancho Cucamonga, CA.

_____
Frank Edward Peters II, Defendant

Date: July 04, 2025

_____
Iboh Umodu Deputy Federal Public Defender

MOTION TO COMPEL DISCOVERY, FULL BRADY AND GIGLIO DISCLOSURE, SBA AND DOJ INTERNAL GUIDANCE AND COMMUNICATIONS AND PRODUCTION OF DETECTIVE LORI POZUELOS' COMMUNICATIONS WITH FBI AND DOJ PURSUANT TO BRADY AND RULE 16; MEMORANDUM AND POINTS OF AUTHORITIES; DECLARATIONCURRENT TRIAL DATE: SEPTEMBER 16, 2025 - 9